SHAW, Judge.
The employer/carrier appeal the deputy commissioner’s order finding the claimant to have a 70% permanent partial disability based on loss of wage earning capacity. The claimant cross appeals the partial disability award, arguing that the deputy erred in failing to award permanent total disability benefits. We agree with the claimant.
*372 The deputy commissioner bases his determination that the claimant has sustained a 70% permanent partial disability of the body as a whole upon the following finding:
Considering my above-noted subsidiary findings of fact, including claimant’s age, education, work experience, physical impairment, limitations, lack of post-accident earnings or ability to obtain employment, impairment to compete in the open labor market and unsuccessful work search, it is my determination that the claimant has sustained a seventy (70%) percent permanent partial disability of the body as a whole based upon a loss of wage earning capacity. In arriving at same it should be noted that the claimant is not working at this time and in his current condition it would appear that he is unable to obtain employment in the open labor market. However, as ordered herein, I am requiring that the employer provide the claimant with treatment in the Jackson Memorial Hospital Pain Clinic in an attempt to alleviate and relieve some form of his unremitting and extensive pain. In arriving at the aforementioned loss of earning capacity, I have considered that there will be a reduction in the claimant’s pain level through this treatment, and that he will thus then be able to obtain some form of palliative parttime employment through which he will be able to earn some marginal sums.
The practical effect of such a finding is to reduce a permanent total award to 70% based on the speculation that at some future date there will be a reduction in the claimant’s pain level as a result of treatment rendered by the clinic. Having found that the claimant is unable to obtain employment in the open labor market in his current condition, the deputy cannot in the same breath modify that finding on the basis of some future event that may or may not occur. Such conjecture is not a proper basis for reducing a present award of benefits. Ramon Rivera v. Pumpernicks of Hallandale, IRC Order 2-3670, January 29, 1979. We therefore modify that portion of the judge’s order finding the claimant 70% permanently partially disabled and find him permanently totally disabled. If, as prophesied by the deputy commissioner, the claimant benefits from treatment at the clinic and his pain level is reduced to the point that he is able to obtain employment, the carrier is free to bring this change of condition to the deputy’s attention within the statutory period by way of a petition for modification. The remaining point on cross appeal is AFFIRMED, and the order, as modified, is AFFIRMED.
ERVIN, J., concurs.
ROBERT P. SMITH, C. J., dissents in part with opinion.